UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIC NLEMCHI, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:08-cv-03537 |
| BANK OF AMERICA, et al., | § § § | |
| Defendant. | § § § | |

## MEMORANDUM & ORDER

Pending before the Court is the Motion to Dismiss Plaintiff's Amended Complaint of Defendant FIA Card Services, N.A. ("FIA"), incorrectly sued as Bank of America. (Doc. No. 23.) For the following reasons, Defendant's Motion must be granted.

## I. INTRODUCTION

Plaintiff asserts a claim for relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"). He alleges that, in reviewing his consumer report, he noticed a debt reported by Defendant[1] of which he had no knowledge. (Pl. Compl. ¶ 5, Doc. No. 1.) Plaintiff disputed this debt and requested an investigation by the credit reporting agencies, Experian, Trans Union, and Equifax. (*Id.* at ¶ 6.) On or about July 18, 2008, Plaintiff sent a letter to Defendant requesting validation of his debt pursuant to the FDCPA. (*Id.* at ¶ 7.) Plaintiff contends that Defendant did not respond to Plaintiff's request for validation of the account but, instead, verified the purportedly invalidated account to Experian, Trans Union, and Equifax. (*Id.* at ¶ 8.) On or about September 18, 2008, Plaintiff sent another letter to Defendant requesting verification of the account;

---

[1] In his pleadings, Plaintiff refers to Defendant as Bank of America.

again Defendant purportedly did not respond. (*Id.* at ¶ 9.) Plaintiff was denied credit for the purchase of a home pursuant to this credit problem. (*Id.* at ¶ 10.) He has also been forced to pay higher interest rates to obtain credit than he would have otherwise. (*Id.*) Plaintiff seeks actual, statutory and punitive damages pursuant to the FDCPA, removal of the account from his credit report, and an injunction against Defendant to prevent it from reporting the account to other consumer reporting agencies. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## II.   MOTION TO DISMISS

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (May 18, 2009) (quoting *Twombly*, 550 U.S. at 570). Although the Court generally considers a motion to dismiss for failure to state a claim based on the face of the complaint, the Court may also take notice of matters of public record when considering a 12(b)(6) motion. *See Davis v.*

*Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995); *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994).

### III. FDCPA

Defendant contends that it is not a debt collector. A debt collector is

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) [described below] of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

15 U.S.C.A. § 1692a(6).

A debt collector is not "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity … (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person…." 15 U.S.C.A. § 1692a(6)(F) (formerly 15 U.S.C. § 1692a(6)(G)). That is, a debt collector does not include the plaintiff's creditors as long as the debt was not in default at the time it was assigned. *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985). Plaintiff, in his Complaint, avers that Defendant is a collection agency. (Pl. Compl. ¶¶ 2-3.) Plaintiff argues that "until it can be established that Defendant is the alleged creditor they are a third party debt collector." (Pl. Resp. at 3.) Defendant responds that it is a creditor and not a "debt collector" as defined by the FDCPA. As this is a Motion to Dismiss, and Plaintiff has alleged that Defendant is a collection agency, the Court may not properly resolve this factual dispute.

Defendant also contends that Plaintiff's Complaint is contradictory. For example, Plaintiff avers that Defendant never responded to his request for validation, but attaches to his Complaint several pieces of correspondence allegedly from Defendant wherein Defendant specifies that it has verified the accuracy of the debt. (Pl. Compl., an August 7, 2008 letter from the Bank of America explaining that "our review found that all fees and finance charges were properly assessed to this account. Based on this investigation, Bank of America considers this matter resolved.")

Finally, Defendant notes that Plaintiff failed to obey the Court's order for a more definite statement pursuant to FED. R. CIV. P. 12(e). At the April 14, 2009 Motion hearing, the Court ordered Plaintiff to provide a more definite statement, which Plaintiff has not yet done. If a 12(e) motion is granted, and the party fails to respond, the court may strike the pleading to which the motion was directed or make such order as it deems just. FED. R. CIV. P. 12(e).

Because of Plaintiff's failure to comply with the Court's 12(e) Order such that Defendant may properly defend this action, Plaintiff's Complaint is stricken and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 13th day of July, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY

**OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**